No. 4898.

NEW ORLEANS NATIONAL BANK VS. JOHN S. WELLS ET AL.

The position of the defendants is that the bond which they signed as principal and sureties was not given to the bank, because by its terms it is in favor of the president and directors to protect them, and not the bank, against the misconduct and unfaithfulness of the paying-teller. This is erroneous.

The language of the bond makes it very clear that the paying teller was employed for and in behalf of the corporation, and not of the president and directors as individuals distinct from the corporation, and the bond was taken as a guarantee of his fidelity to the institution. These officers, in taking the bond, were acting for the bank and as the bank, and were exercising the powers conferred by the act of Congress.

The expressions therefore in the bond, "shall save the said president and directors of the New Orleans National Bank harmless from or on account of any negligence or misconduct of him, the said John S. Wells," could apply only to their official capacity, acting for and representing the bank, and were necessarily intended to be and was in law a bond or obligation in favor of the bank. To have taken it in favor of themselves individually would have been bad faith and without legal effect under the circumstances.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch, J. Merrick, Race & Foster,* for plaintiff and appellant. *Breaux, Fenner & Hall* and *Cotton & Levy,* for defendants and appellees.

HOWELL, J. The New Orleans National Bank, organized under the laws

of the United States, and acting, as alleged, through its president and directors, sues the defendants, *in solido*, as principal and sureties, for twenty thousand dollars, and the principal for $6007 70 additional, as the defalcation of said principal on the following bond :

" Know all men by these presents that we, John S. Wells, Thomas Henderson, and James H. Mehaffey, all residing in New Orleans, in this State of Louisiana, are jointly and severally bound to the president and directors of the New Orleans National Bank in the sum of twenty thou-. sand dollars, to be paid to the said president and directors, for which payment well and truly to be made we and each of us hereby bind ourselves, our executors, and administrators firmly by these presents; dated in New Orleans on the twentieth day of February, in the year 1871. Whereas the above-bounden John S. Wells has been appointed paying teller, to continue in office during the will of the present or any future board of directors of said bank, now the condition of the above obligation is such that if the said John S. Wells shall well, truly, and faithfully do and perform all and singular the duties of said office of paying teller, and shall well and truly perform any and all other duties which may be assigned him as one of the clerks of said bank, and shall render a faithful account of the moneys and effects committed to his charge or under his control, and generally shall save the said president and directors of the New Orleans National Bank harmless from or on account of any negligence or misconduct of him, the said John S. Wells, then this obligation to be void, or else to remain in full force and virtue.

"(Signed)　　　　　　　　JOHN S. WELLS,
　　　　　　　　　　　　　THOMAS HENDERSON,
　　　　　　　　　　　　・J. H. MEHAFFEY."

"Witness—(Signed)
　　"A. WHELES,
　　"WM. L. BROWN, Jr."

To this action the defendants filed the following exception :

" Now into court come the defendants, and for peremptory exception founded in law, plead that the petition discloses no cause of action against the exceptors ; that the bond sued on is not given in favor of the party plaintiff in this cause, and therefore she can not stand in judgment, as will be more fully shown by authority on the trial of this exception. Wherefore your exceptors pray this their exception in law be sustained and the suit be dismissed with costs, and for general relief, etc."

The exception was maintained and plaintiff appealed.

As we understand the position of the defendants, they insist that the bond was not given to the bank, because by its terms it is in favor of the president and directors, to protect them, and not the bank, against the

misconduct and unfaithfulness of the paying teller. This we think erroneous. The language of the bond makes it very clear to us that the paying teller was employed for and in behalf of the corporation, and not the president and directors as individuals distinct from the corporation, and the bond was taken as a guarantee of his fidelity to the institution. He was to have charge of and account for the money and effects of the bank, as paying teller, and perform such other duties as might be assigned to him as one of the clerks of the bank, not the money and effects of the then or any future president and directors, or discharge duties personal to them. These officers in taking the bond were acting for the bank and as the bank, and were exercising the powers conferred by the act of Congress.

"From the circumstance that a corporation is an intellectual being it follows that they can not personally transact all they have a right legally to do, as has been above observed; wherefore it becomes necessary for every corporation to appoint some of their members to whom they may intrust the direction and care of their affairs, under the name of mayors, presidents, syndics, directors, or others, according to the statutes and qualities of such corporation." R. C. C., art. 438.

"These attorneys or officers, by contracting, bind the corporations to which they belong in such things as do not exceed the limits of the administration which is intrusted to them; their act is supposed to be the act of the corporation." Art. 439, second clause.

The expression, therefore, in the bond, "shall save the said president and directors of the New Orleans National Bank harmless from or on account of any negligence or misconduct of him the said John S. Wells," could apply only to their official capacity, acting for and representing the bank, and was necessarily intended to be and was in law a bond or obligation in favor of the bank. To have taken it in favor of themselves individually would have been bad faith and without legal effect under the circumstances. The matter is so plain to us that we can not see how it can be considered that the contracting parties intended to make an obligation in favor of any other than the bank, a corporation acting through its proper officers, and for its interest.

It is therefore ordered that the judgment appealed from be reversed, the exceptions overruled, and the cause remanded to be proceeded in according to law. Costs of appeal to be paid by appellees.